STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAUL K. WROTEN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0161** (BOR Appeal No. 2049894)
(Claim No. 2002015473)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Paul K. Wroten, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response. The West Virginia Division of Highways, by Xueyan Z. Palmer, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2015, in which the Board affirmed a September 26, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 4, 2014, decision denying Mr. Wroten's request for further medical treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Wroten was working for the West Virginia Division of Highways on July 17, 2001, when a fence post hit him in the forehead. He lost consciousness and had to receive stitches. The claim has been held compensable for the following: open wound of forehead, uncomplicated; concussion with prolonged loss of consciousness; headache; neck sprain; nausea; unspecified visual loss; contusion of orbital tissue; unspecified, contusion of eyeball; concussion unspecified; and cervical spondylosis without myelopathy. The claim was closed for temporary total disability benefits on December 19, 2001, and Mr. Wroten was denied a permanent partial disability award on April 3, 2003. Mr. Wroten underwent back surgery and is requesting the claim be reopened for additional medical treatment to help with his back surgery. The claims administrator denied Mr. Wroten's request for further medical treatment. It found that his request was barred and cannot be given consideration because he has not sought treatment in the past five years based primarily on West Virginia Code § 23-4-16(a)(4) (2005). It noted that it appears Mr. Wroten is requesting a medical reopening in the wrong claim because this claim is compensable for the neck only and his lumbar spine is compensable in Claim No. 2001040513.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Wroten's claim is barred for further medical treatment under West Virginia Code § 23-4-16(a)(4). The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Wroten disagrees and asserts that he has received medical attention numerous times for his back and is seeking help to pay for his back surgery. The West Virginia Office of Insurance Commissioner maintains that the Board of Review did not err because Mr. Wroten did not prove the request for treatment was made within five years of the last date of service as required under West Virginia Code § 23-4-16(a)(4) and that the evidence shows he has not had any service provided for this claim in the past five years. West Virginia Division of Highways maintains that Mr. Wroten did not present any evidence to show that he received workers' compensation benefits within five years of the date of his request to reopen and that there is no compensable lumbar spine condition in this claim.

The Office of Judges noted that the claim was closed for temporary total disability benefits on December 19, 2001, and Mr. Wroten was denied a permanent partial disability award on April 3, 2003. West Virginia Code § 23-4-16(a)(4) states that when medical or any type of rehabilitation services has not been rendered or durable medical goods or other supplies paid have not been received for a period of five years then no request for additional medical or any type of rehabilitation benefits shall be granted nor shall any medical or any type of rehabilitation benefits or any type or goods or supplies be paid by the claims administrator if they were provided without a prior request. The Office of Judges found that Mr. Wroten's evidence does not demonstrate by a preponderance of the evidence that he has received authorized treatment within the last five years and in fact the evidence actually shows it has been over five years since he received treatment. The Office of Judges concluded that the claim is barred for further medical treatment under West Virginia Code § 23-4-16(a)(4). The Board of Review agreed with the findings and conclusions of the Office of Judges.

This Court agrees with the Board of Review. The West Virginia Office of Insurance Commissioner's records show that the last payment for treatment in this claim through workers' compensation was processed on July 14, 2006. There is no evidence of record that Mr. Wroten

received coverage through his workers' compensation claim since 2006. Therefore, Mr. Wroten has failed to show that he has received treatment under this claim in the last five years, and his request to reopen was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II